JOHN H. GIBSON, TREAS. v. GRIFFIN T. MILLER ET AL.

1. ACT ENLARGING RIGHT OF JOINDER MAY APPLY TO PENDING ACTIONS.

An act giving increased powers to a county treasurer as to joinder in actions for the sale of realty for taxes may be made applicable to all actions pending, wherein judgment has not been rendered.

2. ACT CHANGING REMEDY APPLIES TO PENDING CASE SUBSEQUENTLY APPEALED.

An appeal operates to vacate the judgment of the lower court, and a cause will stand in the appellate court as a pending action without judgment; hence Rev. Stat. 1104 (Lan. 2451), which relates to the matter of joinder in suits for the sale of real estate for delinquent taxes, will apply to actions pending at the time of the enactment of such law and later appealed.

APPEAL from Hamilton common pleas court.

Gibson v. Miller.

W. F. Chambers, for plaintiff.

E. R. Donahue, for defendant.

JELKE, J.

This action was begun in the court of common pleas by filing a petition on November 12, 1903, against Caroline B. Donohue *et al.,* for the sale of certain real estate on account of unpaid taxes and assessments under an act entitled, "To amend Sec. 1104 Rev. Stat. of Ohio, passed April 4, 1902," (95 O. L. 93).

On January 22, 1904, Caroline B. Donohue filed a demurrer:

"Now comes Caroline B. Donohue, one of the defendants herein, and demurs to the petiton upon the following grounds:

"1. Separate causes of action against several defendants are improperly joined.

"2. There is a misjoinder of parties defendant.

"3. The petition does not state facts sufficient to constitute a cause of action."

On April 2, 1904, said demurrer was overruled by the following entry:

"This cause coming on to be heard on the demurrer to the petiton by Caroline B. Donohue, the court on consideration overrules the same; to all of which defendants except; twenty days' time given to file answer."

On August 4, 1904, judgment and decree for sale were entered against said Caroline B. Donohue, to which she excepted and gave notice of appeal. The docket also shows: "August 5, 1904, notice of intention to appeal filed; August 5, 1904, entry giving notice of appeal and fixing bond in the sum of $500;" which bond was subsequently given, and appeal duly perfected.

We are of opinion that the common pleas court erred in overruling the demurrer of the said Caroline B. Donohue under the law as it stood when the petiton was filed and when the demurrer came on for hearing and was passed upon by said court. We think that there were separate causes of action against several defendants improperly joined, and that there was a misjoinder of parties defendant.

On April 25, 1904, said Rev. Stat. 1104 (Lan. 2451), as amended in 95 O. L. 93, was again amended, and the following paragraph inserted:

"And in proceedings hereunder the county treasurer may join in one action all or any number of lots or lands, but the decree shall be rendered severally or separately, and any proceedings may be severed

in the discretion of the court for the purpose of trial, error or appeal, where an appeal is allowed, and the court shall make such order for the payment of costs as shall be deemed equitable and proper."

And Sec. 3:

"This action shall take effect and be in force from and after its passage, and shall apply to all existing causes of action and pending actions."

Revised Statutes 79 (Lan. 98) provides:

"Whenever a statute is repealed or amended, such repeal or amendment shall in no manner affect pending actions, prosecutions, or proceedings, civil or criminal, and when the repeal or amendment relates to the remedy, it shall not affect pending actions, prosecutions, or proceedings, unless so expressed; nor shall any repeal or amendment affect causes of such action, prosecution, or proceeding, existing at the time of such amendment or repeal, unless otherwise expressly provided in the amending or repealing act."

Since said cause came into this court on appeal, counsel for Caroline B. Donohue has again renewed and pressed the demurrer which the court below had overruled, and now contends that the amendment of April 25, 1904, which provides for and permits the joinder complained of, cannot constitutionally be made to apply, inasmuch as this cause went to judgment below, and that the said Caroline B. Donohue has a vested right in having her rights and remedy determined under the law existing as it did prior to April 25, 1904. Counsel for Caroline B. Donohue rely on the case of *Gompf* v. *Wolfinger*, 67 Ohio St. 144 [65 N. E. Rep. 878], the third proposition of the syllabus being as follows:

"A judgment which is final by the laws existing when it is rendered cannot constitutionally be made subject to review by a statute subsequently enacted; and the act of October 22, 1902, to amend Sec. 6710 Rev. Stat. [Lan. 10301], being incapable of a retrospective operation, does not confer upon this court jurisdiction to review judgments which the circuit court had rendered prior to its passage and which were not subject to review under the provisions of the act of May 12, 1902."

There is no doubt that a judgment which is final by the laws existing when it is rendered, is an end to the controversy, and no legislative act can operate retrospectively to give an appeal or petition in error in derogation of such final judgment. The party in whose favor such judgment is rendered has a vested interest and any legislative act seeking to impair it would be unconstitutional and void. This case, however, presents a different situation. The matter of joinder is

Gibson v. Miller.

a matter relating purely to the remedy and does not affect any of the substantive rights of the parties, but merely the question of how, and when, and in what company those rights shall be worked out and determined.

The act making such joinder possible in this case was passed long prior to the rendition of the judgment appealed from; at the time the act of April 25, 1904, was made applicable to pending actions there was no judgment. This act of April 25, 1904, removed the objection, because of which we think the common pleas court should have sustained the demurrer of April 2, 1904.

Again, the appeal which was duly prosecuted under laws existing and unchanged in that regard from the time of the filing of the petition until the present consideration, if entertained by this court, entirely vacated and wiped out the judgment of the court of common pleas, and the cause stands in this court as a pending action, without any judgment, and we see no reason why under the provisions of Rev. Stat. 79 (Lan. 98), and the special provision of Sec. 3 of the act of April 25, 1904, this latter law should not be applied to the matter of joinder which pertains purely to the remedy. If we felt that the act of April 25, 1904, affected any judgment in which Caroline B. Donohue had a vested interest, we would feel that the case of *Gompf* v. *Wolfinger*, *supra*, would apply, but the judgment and decree below were against Caroline B. Donohue, and it was her bond and appeal which has suspended the same, and why she should seek to use this judgment, which she desires annulled, and a decision contrary to which she seeks to obtain by her appeal in these proceedings, as a valid and substantial barrier to the application of an amendment touching the remedy, and claim a vested interest thereunder, we cannot see.

We are therefore of opinion that the case of *Gompf* v. *Wolfinger*, *supra*, does not apply and that the amendment of April 25, 1904, makes proper the joinder which was improper under the law of April 4, 1902.

**Swing** and **Giffen, JJ.,** concur.